IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Crown Battery Manufacturing Co.,  Case No. 3:12CV2158

    Plaintiff

    v.  **ORDER**

Club Car, Inc.,

    Defendant

This is a breach of contract dispute arising from compatibility problems between plaintiff Crown Battery Manufacturing Co.'s (Crown) batteries and the on board charging (OBC) units in defendant Club Car, Inc.'s (Club Car or CCI) golf carts. On October 16, 2013, I granted the defendant's motion for judgment on the pleadings in part and denied it in part. (Doc. 26); *Crown Battery Mfg. Co. v. Club Car, Inc.*, 2013 WL 5670950 (N.D. Ohio). Pending is defendant's motion for reconsideration of its motion for judgment on the pleadings. (Doc. 30).

For the reasons that follow, I deny defendant's motion for reconsideration.

**Background**

Because I recently discussed the facts in my October 16th order, I only briefly recite them here.

In September, 2009, Crown entered into the contract at issue, denominated as the Strategic Supply Agreement (SSA) with Club Car for its golf carts and utility vehicles. Beginning in January,

1

2010, Crown was manufacturing over 12,000 batteries each week. Crown delivered the batteries to its warehouse from which Club Car would take batteries as needed.

Club Car's OBC systems record vehicle energy usage and control charging performance of batteries while maintaining, restoring, and recharging them during and between vehicle usage.

In early 2011, Club Car told Crown that Crown batteries in its golf carts were failing because they were not holding charges. In May, 2011, Club Car tendered hundreds of customer-submitted warranty claims for defective batteries. Crown refused to honor the claims, stating that the OBCs, not its batteries, were defective. Crown asserted Club Car had provided Crown with incorrect specifications, resulting in the OBCs failing properly to charge the batteries. Club Car maintained that the batteries failed because they did not meet the specifications that Club Car had provided.

As of October, 2011, Club Car was purchasing 5,000 to 7,000 batteries weekly. In November, 2011, Club Car told Crown it would no longer use Crown's batteries for its "Precedent" vehicle line. Club Car's purchases dropped from an average of 800 batteries per week in January, 2012, to no batteries by March, 2012. Crown alleges a loss of sales of approximately seven to ten million dollars as a result.

On April 3, 2012, Club Car withdrew all remaining batteries, approximately 2,400, from the distribution center Crown maintained. Club Car has not paid for those batteries. As of April 4, 2012, Crown alleges that Club Car owes $2.3 million for batteries it took.

On June 14, 2013, Club Car filed a motion for judgment on the pleadings. On October 16, 2013, I granted Club Car's motion with respect to Crown's misrepresentation and business defamation claims (Counts Three and Four). I denied Club Car's motion as to Crown's breach of contract claims (Counts One and Two) and its account stated, promissory estoppel, unjust

enrichment, and conversion claims (Counts Five through Eight), which are plead in the alternative.

Club Car has filed a motion for reconsideration limited to my ruling on Crown's breach of contract claims.

**Standard of Review**

Club Car moved for judgment on the pleadings under Fed. R. Civ. P. 12(c). I review Rule 12(c) motions under the same standard as Rule 12(b)(6) motions. *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Group*, 463 F.3d 478, 487 (6th Cir. 2006).

If plaintiff's complaint does not plead "enough facts to state a claim to relief that is plausible on its face," then I must grant defendant's motion. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When deciding 12(c) and 12(b)(6) motions, I limit my inquiry to the content of plaintiff's complaint, with the exception of matters of public record, orders, items appearing in the record, and attached exhibits. *Yanacos v. Lake County, Ohio*, 953 F. Supp. 187, 191 (N.D. Ohio 1996).

I must accept all well-pled material allegations stated in the complaint as true and view the complaint in the light most favorable to the plaintiff. *Papasan v. Allain*, 478 U.S. 265, 283, 299 (1986). I am, however, "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 286.

**Discussion**

I reconsider my prior orders in three circumstances: "1) to accommodate an intervening change in controlling law; 2) to account for new evidence not available at trial; or 3) to correct a clear error of law or to prevent a manifest injustice." *Elliott Co. v. Liberty Mut. Ins. Co.*, 239 F.R.D. 479, 480 (N.D. Ohio 2006) (citing *Hancor, Inc. v. Inter American Builders Agencies*, 1998 WL

239283, *1 (N.D. Ohio 1998)).

In addition, I may grant a motion for reconsideration if I "patently misunderstood a party." *Braxton v. Scott*, 905 F. Supp. 455, 457 (N.D. Ohio 1995) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)).

In my October 16th order, I held that "if Club Car provided incomplete or inadequate specifications for successful integration of the batteries with the OBC system, it, not Crown, is at fault for the battery failures. If so, Club Car is not entitled to judgment on the pleadings." (Doc. 26, at 8).

Club Car makes two primary arguments in its motion: 1) it was not required to provide Crown with specifications for the OBCs; and 2) emails containing OBC specifications are parole evidence and I cannot consider them in making my decision.

### 1. OBC Specifications

Club Car first argues that I misunderstood the language of the SSA. It contends that under ¶ 7(A) of the SSA, it was required to provide specifications for the batteries only – not OBC specifications as well.

Paragraph 7(A) states:

CROWN further warrants that the Products will be in strict accordance with the mechanical and performance specifications and all other requirements set forth in the drawings for those Products and in any specification referenced in those drawings (or in any other disclosed materials, including "Design to Application" or "Design to Specification" documentation ), whether provided by CCI or CROWN, including those listed in Exhibit A (collectively, the "Specifications").

(Doc. 5-1, at 6).

Club Car contends that this paragraph limits the scope of specifications to the "Products," defined in the SSA as "the Batteries and all related materials (including aftermarket parts or

4

accessories) purchased hereunder from CROWN." (*Id.* at 2). It argues that the SSA's language unambiguously states that the specifications provided by Club Car do not extend to parts purchased from supplies other than Crown, such as the OBCs.

The motion for reconsideration notes that another company, Lester, produced and supplied the OBCs and thus Club Car had no obligation to provide specifications for the OBCs because they were not "Products" as defined by the SSA.

Crown contends the SSA's language does not limit Club Car's obligations to provide Crown with specifications for the Products only. It argues that Club Car was obligated to provide Crown with specifications for materials other than the batteries themselves because, according to ¶ 7(A) of the SSA, Crown warranted that the Products will be in accordance with "any specifications referenced in [the Products'] drawings (or in any other disclosed materials . . .)." Because the OBCs were referenced in other disclosed materials, Crown argues, the SSA obligated Club Car to provide OBC specifications to Crown.

Club Car responds, stating that the Crown Battery Specifications, (Doc. 40, Ex. B), do not reference the OBCs which demonstrates that it had no obligation to provide OBCs specifications.

Having read the SSA numerous times in deciding the pending motion, I am still not persuaded by Club Car's interpretation of the agreement. While ¶ 7(A) of the SSA states that Crown warrants the batteries to be in strict accordance with specifications set forth in the Products' drawings, it does not stop there. It goes on to say that the batteries must be in accordance with *any specifications* referenced in the battery drawings and *any other disclosed materials*.

Club Car points to the Crown Battery Specifications which do not mention the OBCs and notes that Crown has not provided me with any other disclosed materials. As Crown, however, plead

5

in its complaint (and which I must accept as true at this stage of the proceedings), Club Car provided Crown with the OBC specifications so that Crown could design a battery that properly integrated with its golf carts. (Doc. 5, at 14).

In response, Club Car makes a new argument, contending the complaint is conclusory and not plausible on its face. I do not find this persuasive. First, a motion for reconsideration is not the proper means for articulating a new legal theory. *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) ("[P]arties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued."). Second, I find Crown has plausibly plead Club Car provided OBC specifications to Crown so that Crown could properly design batteries for the golf carts.

Further, in its original motion for judgment on the pleadings, Club Car stated, "Crown also expressly acknowledges that the specifications provided by Club Car directed that the Batteries would be installed in golf carts containing specific OBC systems, *the specifications for which Club Car also provided to Plaintiff*." (Doc. 19, at 22) (emphasis supplied). Thus, Club Car appears to have admitted, at least for purposes of the original motion, that it provided OBC specifications.

Thus, I find that my interpretation of the SSA stands and Crown's breach of contract allegations, taken as true, shall remain intact.

### 2. Emails as Parole Evidence

Club Car's second argument in its motion for reconsideration is that certain emails detailing OBC specifications are parole evidence and I should not consider them in determining Crown's design and integration responsibilities.

Because I did not rely on those emails in my October 16th order, *Crown Battery, supra,* 2013

WL 5670950, *6, nor do I rely on them in this order, I do not find Club Car's argument to be relevant to my decision. This, however, does not preclude Club Car from arguing in the future that these emails are parole evidence and must be excluded.

## Conclusion

It is, accordingly,

ORDERED THAT Club Car's motion for reconsideration (Doc. 30) be, and the same hereby is denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge