# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Crown Battery Mfg. Co.,            Case No. 3:12CV2158

    Plaintiff

    v.                                  **ORDER**

Club Car Inc.,

    Defendant

This is a suit by a battery manufacturer, Crown Battery Manufacturing Company (Crown) against a customer, Club Car Inc. (Club Car), a producer of golf carts. In its initial and first amended complaints, Crown alleged breach of contract (non-payment), an action on account, promissory estoppel, misrepresentation, and fraud. Club Car has counter-sued for breach of warranty.

In addition to resolving many discovery disputes, I have issued several substantive rulings. First, in ruling on Club Car's motion for judgment on the pleadings, I allowed some of Crown's claims to go forward and dismissed the misrepresentation and related fraud-type claims in the first amended complaint on the basis of Crown's failure to meet the heightened pleading standards of Fed. R. Civ. P. 9(b). (Doc. 26). *Crown Battery v. Club Car*, 2013WL 5670950 ("*Crown I*"). I denied Club Car's motion to reconsider part of that ruling. (Doc. 45). *Crown Battery v. Club Car,* 2014 WL 587147, *1 (N.D.Ohio).

Next, I granted Club Car's motion for partial summary judgment, ruling that the parties' Supplemental Supply Agreement (SSA) was not a requirements contract. (Doc. 44). *Crown Battery v. Club Car*, 2014 WL 587142 (N.D.Ohio).

Following extensive discovery, which I had authorized over Club Car's objections (Doc. 47), *Crown Battery v. Club Car*, 2014 WL 1379594 (N.D.Ohio), Crown sought leave to file a second amended complaint. Club Car opposed that motion, which I granted.. In that decision I held that the Crown had overcome the Rule 9(b) deficiencies that had resulted in dismissal in *Crown I* of the first amended complaint. (Doc. 79). *Crown Battery v. Club Car*, 2015 WL 845732 (N.D.Ohio) ("*Crown II*").

Now pending is Club Car's Rule 12(b)(6) motion to dismiss the misrepresentation and fraud-related claims in the second amended complaint. For the reasons that follow, I grant the motion.

## Discussion

The dominant fact underlying this case is that Crown's batteries were not compatible with Club Car's on board computer (OBC) that monitored (and, according to my understanding, controlled) the flow of current to and from the battery. As a result of that incompatibility, batteries would fail in mid-course.

The primary question in this litigation is who is at fault for the failure of the batteries. Club Car says Crown did not meet its specifications. Crown says it met the specifications, and the batteries could and would have worked just fine if Club Car's OBC system was functional. In support of that contention, Crown asserts in its second amended complaint that Club Car's problems with its OBC had been chronic, and that Club Car, instead of fixing its OBC system, had a history of blaming its battery suppliers for the failure of its golf carts to work reliably.

According to Crown, rather than acknowledging the problems it had experienced with incompatibility between batteries from other suppliers and the OBC system, Club Car misrepresented to Crown that the OBC worked just fine. Club Car made that misrepresentation, Crown asserts, in an email Club Car sent during the negotiations leading to the SSA. That email stated::

> The OBC (on-board computer) includes a [H]all effect current sensor that monitors all battery current via the pack B connection. The OBC integrates this current and maintains a

> net Ah removed per discharge (zeroed at full charge) as well as a total Ah out (running sum of all the Ah discharges).

(Doc. 83, Exh. A).

The representation in the email, Crown asserts, were false, and the OBC system could not, and did not function as stated in that email.

The second amended complaint also alleges, albeit in a conclusory manner, that the battery specifications Club Car provided to Crown were false, inaccurate, and misleading. (Doc. 81, ¶ 76).

The gravamen of the other allegations that I found sufficient to meet Rule 9(b) pleading requirements related to Club Car's failure to tell Crown about the past problems Club Car had getting batteries from other suppliers to work with its OBC system.

### A. Reviewing the Complaint *de Novo*.

Crown argues that my decision to allow it to file its second amended complaint precludes my consideration of the adequacy of the complaint's allegations *via* a Rule 12(b)(6) motion. In Crown's view, I necessarily already did that when I concluded that the fraud/misrepresentation claims met Rule 9(b) standards.

I disagree. There's a difference, in my view, between implementing Rule 15's liberal policy favoring amendments and ascertaining the sufficiency of a complaint under Rule 12(b)(6). To be sure, this gives a defendant two bites at the apple (one, in effect, claiming it's rotten on its surface, the other, that it's rotten to the core). But, on the other hand, the opportunity Rule 15 gives to plaintiffs (and counter-plaintiffs) to seek leave under a favorable standard gives them a distinctly similar opportunity for second helpings.

This is as it should be: otherwise, courts would be less inclined to allow amended pleadings, and defendants might, as Club Car argues in its reply brief, not have as fulsome an opportunity to seek dismissal where a defense might arguably trump a claim.

### B. New York Law Controls

3

Crown argues that my ruling allowing it to file the second amended complaint has put to rest the parties' dispute as to which law controls – New York law, as the SSA stipulates, or Ohio law, if the SSA is voidable for fraud in its inducement or otherwise.[1]

In ruling on Crown's motion for leave to file its second amended complaint, I stated that Ohio law applied. *Crown II, supra*, 2015 WL 845732, \*2. For purposes of assessing the sufficiency of the fraud/misrepresentation allegations, and viewing all assertions in the second amended complaint in Crown's favor, that was an appropriate view for me to take *vis-a-vis the allegations that Ohio law applies*. But that does not mean that I cannot, under Rule12(b)(6), determine afresh which law controls.

On consideration of the parties' Rule 12(b)(6) briefs, I agree with Club Car that New York law, not Ohio law, provides the standard for assessing the adequacy of the misrepresentation/fraud-type claims. This is so because New York law, even in the face of a claim of fraudulent inducement such as Crown alleges here, gives effect to a contract's express choice of law provision:

> When a party claims that it was fraudulently induced to enter into a contract that contains a choice of law provision, as do the leases here, the fraudulent inducement claim is governed by the choice of law provision as well because such claims are "closely related to the performance of the contract."

*Beeper Vibes, Inc. v. Simon Property Group, Inc.*, 2013 WL 1346322, \*4 n.22 (S.D.Ohio) (citing *Jewell Coke Co., LP v. ArcelorMittal USA, Inc.*, 756 F.Supp.2d 858, 863 (N.D.Ohio 2010).

As stated expressly in *Stamm v. Barclays Bank of New York,* 960 F.Supp. 724, 729 (S.D.N.Y. 1997) (citing *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 n. 14 (1974) (involving an arbitration clause)), "[a] claim of fraud in the inducement of a contract is insufficient to invalidate a forum selection or choice-of-law clause found in that contract. Rather, it is the inclusion of those specific clauses plaintiffs seek to avoid that must have been induced by fraud." *Accord, e.g., Thibodeau v.*

---

[1] In *Crown I, supra*, 2013 WL 5670950, \*1, I noted that the parties agreed that New York law was controlling.

4

*Pinnacle FX Investments*, 2008 WL 4849957, \*6 (E.D. N.Y.); *Baraliu v. Vinya Capital, L.P.*, 2007 WL 1346918, \*3 (D. Conn.); *Liafail, Inc. v. Learning, 2000, Inc.*, 2001 WL 1555308, \*2 (W.D.Ky.); *Soil Shield Intern., Inc. v. Lilly Industries, Inc.*, 1998 WL 283580, \*3 (N.D.Cal.). As Crown does not contend that Club Car tricked it into agreeing to the choice of forum clause, the parties' agreement that New York law governs "any disputes or controversies" is binding and controlling.

As a result, Crown's claims based on Ohio law under the ODTPA and common law misrepresentation fail. In addition, under New York law, "[a] fraudulent inducement claim fails when the alleged misrepresentations conflict with unambiguous terms of the contract at issue." That is the situation here, and defendant's motion to dismiss the fraudulent inducement claim is well taken.

In any event, New York's economic loss doctrine requires dismissal of plaintiff's fraud/misrepresentation and civil conspiracy claims, which, obviously, sound in tort. Because the parties' relationship arises from the SSA, plaintiff can recover only on the contract, not in tort. *E.g., Shred-It USA, Inc., v. Mobile Data Shred,* 222 F. Supp.2d 376, 379 (S.D. N.Y. 2002) (citing *Long Island Lighting Co. v. Transamerica Delaval*, 646 F.Supp. 1442, 1457 (S.D.N.Y.1986)) ("For claims alleging only economic loss . . . the usual means of redress is an action for breach of contract; a tort action for economic loss will not lie."). The contract stands as an impermeable barrier to plaintiff's tort claims.

Finally, I again dismiss Crown's promissory estoppel claim because the express language of the SSA precludes Crown's claim that it relied on any assertions by Club Car. *See, e.g., Paxi, LLC v. Shiseido Am. Corp.*, 636 F. Supp. 2d 275, 287 (S.D. N.Y. 2009) (where an express term in a contract contradicts an alleged misrepresentation, the contract controls).

## Conclusion

It is, accordingly, hereby

ORDERED THAT Club Car's motion to dismiss Counts 1, 2, 3, 4, 6, and 10 of plaintiff's second amended complaint (Doc. 83) be, and the same hereby is granted.

The Clerk shall forthwith schedule a status conference.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge